UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH MORAN, : | |
| : | Civil Action No. 06-5620 (JAP) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DAVITA, INC., et al., : | |
| : | M E M O R A N D U M |
| Defendants. : | O P I N I O N |
| : | |

**HUGHES, U.S.M.J.**

This matter comes before the Court on Motion by Plaintiff Judith Moran ("Plaintiff") to Compel Production of the August 14, 2006 correspondence identified as Bates stamped numbers D338-339 on Defendants' Privilege Log (the "Document") (written communication between DaVita's outside counsel Stewart Sheppard and Steven Cooper regarding his opinion as to how Section 409A affected certain severance packages) or to Strike Defendants' Seventh Separate Defense [dkt. entry no. 20], returnable September 15, 2008. Defendants DaVita, Inc. ("DaVita") and Javier Rodriguez ("Rodriguez") (collectively "Defendants"), opposed the Motion on September 2, 2008 [dkt. entry no. 25]. Plaintiff filed a reply brief on September 16, 2008. The Court heard oral argument on September 23, 2008. For the reasons stated herein, Plaintiff's Motion to Compel is denied and Plaintiff's Motion for alternative relief is denied in part and granted in part.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

This litigation arises from the "alleged breach of contract of employment, gender discrimination, retaliation and misrepresentation of internal revenue code provisions which

affected the payout of [Plaintiff's] wages and severance under [her] Employment Agreement [with DaVita]."  (Pl.'s Br. at 1.)

On May 2, 2006, Plaintiff received notice that Defendant DaVita was terminating her employment pursuant to her August 24, 2000 Employment Agreement.  *Id*. at 2.  Donald Beuerle ("Beuerle") and Robert Oldfield ("Oldfield"), two other DaVita employees, were also issued notices of termination around the same time as Plaintiff received her termination notice.  *Id*. at 2. DaVita advised all three employees that they must execute releases to receive severance under their respective Employment Agreements prior to the expiration of the six month waiting period pursuant to Section 409A of the Internal Revenue Code (regulates the tax treatment of the "nonqualified deferred compensation," whether paid to executives or any other employees) *Id*. Both Beurele and Oldfield executed releases and were paid severance prior to the expiration of their six month waiting period, while Plaintiff did not sign a release and was not paid severance until December 30, 2006.  (Defs.' Opp'n Br. at 5.)

Plaintiff alleges that DaVita's inside counsel Steven Cooper, Esq. ("Cooper") communicated with Beuerle and Oldfield regarding whether Section 409A required the six month withholding of their severance.  (Pl.'s Br. at 3.)  Specifically, Cooper advised Oldfield in his August 21, 2006 e-mail that: "3) At your request, we have followed up with outside counsel to determine if you fall within any exception to Section 409A. We believe that you may fall within one of the exceptions and, therefore, have removed that provision from the [severance] agreement" *Id*.  *See also* Pl.'s Exhibit 32.  Cooper refused to disclose the contents of this document at deposition and no additional documents were supplied at defendant Rodriguez's deposition.  (Pl.'s Br. at 4.)  Plaintiff asserts that because she was similarly situated to both

2

Beurele and Oldfield, DaVita had no grounds to withhold her pay or severance pursuant to Section 409A when it was determined that 409A required no deferral or withholding regarding both Beuerle and Oldfield. (Pl.'s Br. at 3.) On August 15, 2006, Plaintiff filed the present Motion to to Compel Production of the August 14, 2006 correspondence identified as Bates stamped numbers D338-339 on Defendants' Privilege Log (the "Document") or to Strike Defendants' Seventh Separate Defense [dkt. entry no. 20]. On September 2, 2008, the Motion was opposed [dkt. entry no. 25].

### A.     Plaintiff's Arguments in Support of the Motion to Compel

Plaintiff makes two arguments why the Motion to Compel should be granted. Specifically, Plaintiff argues that (1) Defendant waived any privilege as to the August 14, 2006 opinion from Stewart Sheppard ("Sheppard"); and (2) The communication from Sheppard to Cooper was never privileged communication, and dealt with a business issue concerning DaVita's fiduciary obligation to pay post-termination remuneration to terminated contract employees such as Moran. (Pl.'s Br. at 6, 8.)

Plaintiff concedes that the courts have long recognized the doctrine of attorney-client privilege. The Federal Circuit has stated that "confidential disclosures by a client to an attorney made in order to obtain legal assistance are privileged." *See* Pl.'s Br. at 6 (citing *Wachtel v. Heathnet, Inc.*, 482 F.3d. 225, 230-31 (Third Circuit 2007) (quoting *Fischer v. the United States*, 425 U.S. 391, 403 (1976)). Plaintiff argues, however, "that a party's conduct or treatment of the communication may constitute a waiver of the privilege. Generally, the disclosure of privileged information to third persons constitutes a waiver of the privilege." *See* Pl.'s Br. at 7 (citing *In Re Natta*, 48 F.R.D. 319, 322 (D. Del. 1969)) (citations omitted). Plaintiff further argues that "the

3

courts have recognized that when the opinions or advice of counsel is injected into a case, the attorney-client privilege is waived." See Pl.'s Br. at 7 (citing *Smith v. Alyeska Pipeline Service Company*, 538 F. Supp. 977, 979 (D. Del. 1982)).

Plaintiff argues that an opinion provided by Sheppard was clearly identified in the e-mail from Cooper to Oldfield, specifically that in Sheppard's opinion Oldfield was determined to fall within the withholding provisions of Section 409A. (Pl.'s Br. at 7.) Plaintiff argues that based upon that specific communication, the withholding provisions, from not only Oldfield's severance remuneration but also Beuerle's severance remuneration, were withdrawn and both received wages and severance during 2006, while Plaintiff's pay and severance continued to be withheld pursuant to 409A. *Id.* Plaintiff asserts that "DaVita may not specifically disclose the substance of an opinion to other employees of DaVita, act upon it and then claim that plaintiff Moran is not entitled to know why her wages and severance are continued to be withheld when both Beuerle and Oldfield received uninterrupted payments." *Id*. at 8. Plaintiff further asserts that "as an employee, [she] is entitled to see the information upon which her employer's determination was made." (Pl.'s Reply Br. at 4.)

Plaintiff argues that the communications between Sheppard and Cooper revolve around a business matter, specifically the determination of how Section 409A affected certain severance packages. (Pl.'s Br. at 9.) Plaintiff also argues that "[b]ecause DaVita based its conduct on the "outside counsel" communication, that communication is relevant to the issues in this case, is not privileged and must be disclosed." *Id.* at 6. Ultimately, Plaintiff asserts that she is entitled to all information which caused DaVita to make payments to both Oldfield and Beuerle, while continuing to withhold her remuneration pursuant to the six month withholding provisions of

4

Section 409A. *Id*. at 9.

      **B.**      **Defendants' Arguments Opposing the Motion to Compel**

In opposition, Defendants argue that Plaintiff's Motion is untimely. (Defs.' Opp'n at 5.) Defendants also argue that the communications at issue are privileged and Plaintiff has failed to satisfy the legitimate need and relevance prongs of the *Kozlov* test which are necessary to lift the privilege. *Id*. at 9, 10; *see also In re Kozlov*, 79 N.J. 232, 243-44 (1979).

With regards to Defendants' claim that the Motion is untimely, they assert that June 30, 2008 marked the conclusion of discovery and an extension was never requested in order to pursue the subject of the present motion nor were the materials on the privilege log requested to be produced. *Id*. at 5. Defendants argue that barring the Motion to Compel as untimely is appropriate because said motion is merely an attempt to manufacture a disputed material fact to avoid summary judgment. *Id*. at 6-7. Defendants further argue that Plaintiff failed to comply with the meet and confer requirement in both the Local and Federal rules. *Id*. at 7. *See* Fed. R. Civ. P. 37(a)(1); *see also* L. Civ. R. 37.1(a)(1).

Defendants argue that the communication at issue was between a client and an attorney, outside the presence of stranger, made for the purposes of securing legal advice and the privilege has not been waived, thus qualifying it as privileged. *See* Defs.' Opp'n at 7 (citing *Hendrix v. Woodhead*, 2007 WL 2688923 at *2 (D.N.J. 2007)) (citation omitted). The element of the attorney client privilege that Plaintiff believes to be at issue is that the communication dealt with a business issue rather than being made for the purpose of securing legal advice. (Defs.' Opp'n Br. at 8) (citing Pl.'s Br. at 8.) Defendants point out that Plaintiff asserts that DaVita "secured Mr. Sheppard's opinion not for litigation purposes, but to determine how Section 409A affected

5

certain severance packages and to act thereon." (Defs.' Opp'n Br. at 8) (citing Pl.'s Br. at 9.) Defendants argue that "[b]y admitting that DaVita sought legal advice as to the application of Section 409A, Plaintiff admits that DaVita was posing a question of law to its counsel", thus establishing that the communication is privileged. (Defs.' Opp'n Br. at 8.) Defendants also argue that the privilege was not waived because "DaVita did not disclose a "determination." DaVita simply stated what it believed "may" be the case; DaVita did not disclose the specific exceptions reviewed by its counsel; and DaVita did not disclose its counsel's reasoning or analysis for why the specific exceptions apply." *Id*. at 9. Defendants further argue that to waive the attorney-client privilege, the disclosure by the client must include more than merely the existence of the communication. *Id*. (citing *In re AT & T Access Charge Litigation*, 451 F.Supp.2d 651, 655-57 (D.N.J. 2006)).

Lastly, Defendants argue that because the privilege attached, the documents sought are given substantial deference, and accordingly the three part test set forth by the Supreme Court of New Jersey in *In re Kozlov*, 79 N.J. 232 (1979) must be satisfied. (Defs.' Opp'n Br. at 9, 10.) Defendants maintain that Plaintiff's motion does not demonstrate (1) a legitimate need for the document; (2) its relevance and materiality; nor (3) the absence of any other source for it, and therefore fails to satisfy the *Kozlov* test. *Id*. at 10; *see also In re Kozlov*, 79 N.J. at 243-44. Defendants further maintain that the reason DaVita sought the legal advice that is the subject of the motion at hand is because Oldfield requested that DaVita relax the Section 409A policy. *Id*. Defendants argue that DaVita relaxed its 409A concerns as to employees other than Moran only because they, unlike Moran signed releases, and therefore received severance pursuant to the terms of those documents and not their respective employment agreements. *Id*. at 12.

6

## II. DISCUSSION

### A. Timing of Motion

The Court agrees with Defendants' contention that the present Motion is untimely and should be denied on this ground. *See* Defs.' Opp'n Br. at 5. The Court notes that discovery concluded on June 30, 2008 and Plaintiff never requested an extension in order to pursue the subject of the present motion. The Court also notes that on March 5, 2008, the privilege log disclosing the material that is the subject of this Motion was produced to the Plaintiff and on May 1, 2008, Mr. Cooper's deposition took place. The Court further notes that the document sought was never requested to be produced by the Plaintiff, who also failed to comply with the meet and confer requirement in both the Local and Federal rules. *See* Fed. R. Civ. P. 37(a)(1); *see also* L. Civ. R. 37.1(a)(1). The Court finds prejudice to Defendants in that discovery has long been closed and cross motions for summary judgment have been fully briefed and submitted to the Court. Accordingly, the Court finds that the Motion to Compel can be denied on undue delay grounds alone.

### B. Federal Rule of Civil Procedure 26(b)(1)

As a general rule, the Court "may order discovery of any matter relevant to the subject matter" of an action. Fed. R. Civ. P. 26(b)(1). Although relevant information need not be admissible at trial, courts refuse to order discovery if the information being sought is (1) irrelevant to the claim, or (2) protected by a recognized privilege. *Id.*; *see also Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).

Plaintiff argues that she is entitled to know why DaVita never withheld pay nor severance from similarly situated employees, Beuerle or Oldfield, while at the same time refused to make

payments to her pursuant to Section 409A. (Pl.'s Br. at 4.) Plaintiff further argues that Defendant must produce the written communication between DaVita's outside counsel, Stewart Sheppard and Steven Cooper regarding Section 409A's application to terminated employees as set forth in Cooper's e-mail to Oldfield to aid in the determination as to why her remuneration was withheld. *Id*. at 4-5. Defendant argues that the requested document is not relevant nor material because even though Plaintiff argues that 409A concerns were merely a pretext to justify withholding her compensation, in actuality DaVita raised Section 409A with Moran and other similarly situated employees. (Defs.' Opp'n Br. at 10-11.) Defendant further argues that DaVita only relaxed its 409A concerns as to employees other than Plaintiff because unlike her, they signed releases. *Id*. at 12. To the contrary, the Court finds that the document sought is clearly relevant as it addresses the basis for DaVita making its 409A determinations. However, Plaintiff must overcome the attorney-client privilege hurdle before Defendants are required to produce a copy of the document sought.

        C.      <u>**Privileged Nature of Requested Document/Waiver**</u>

When a document is relevant to the subject matter of an action, the Court may order a party to produce it unless the document is protected by a recognized privilege. Fed. R. Civ. P. 26(b)(1). Communications between an attorney and client are protected by the attorney-client privilege. The purpose of this privilege is to promote frank discussions between a client and his/her attorney to allow the attorney to best represent the client. *Fisher v. United States*, 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L. Ed. 2d 39 (1976). The privilege is not unconditional. It can be waived if the privileged information is communicated to outside parties. *U.S. v. Rockwell International*, 897 F.2d 1255, 1265 (3d Cir. 1990). Generally, when a party discloses privileged

information to a third party, the privilege is extinguished, and the document is discoverable. *See in re Teleglobe Commc'n Corp.*, 493 F.3d 345, 364 (3d Cir. 2007). However, the disclosure must involve the alleged privileged communication itself for the attorney-client privilege to be waived. *Compare V. Mane Fils S.A. v. Int'l Flavors & Fragrances*, 249 F.R.D. 152, 155-56 (D.N.J. 2008) (holding alleged patent infringer waived the attorney-client privilege because opinion letters from its counsel were disclosed to competitors) w*ith AT & T Access Charge Litigation*, 451 F.Supp.2d 651, 655-57 (D.N.J. 2006) (attorney-client privilege not waived merely because party claimed it relied on prior FCC decisions).

The e-mail from Cooper to Oldfield does not disclose an opinion or determination by Sheppard. More specifically, the e-mail merely states "At your request, we have followed up with our outside counsel to determine if you fall within any exception to Section 409A. We believe that you may fall within one of the exceptions and, therefore, have removed that provision from the agreement." (Defs.' Exhibit C.) Furthermore, Plaintiff concedes the fact that DaVita obtained Sheppard's opinion to determine how Section 409A affected certain severance packages, thereby admitting that DaVita was posing a question of law to its counsel. *See* Defs.' Opp'n Br. at 8; *see also* Pl.'s Br. at 9. It is clear that the attorney-client privilege attaches to the sought document and said privilege was not waived by nature of the e-mail in question because the e-mail does not disclose counsel's reasoning, analysis or opinion as to why any specific exceptions to Section 409A may apply to Oldfield.

  D. **Kozlov Factors**

Federal Rule of Evidence 501 sets forth the general rule with respect to the application of privileges in both federal question and diversity cases. It provides:

> Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with state law.

FED. R. EVID. 501. The Court also notes that neither party disputes that state law controls the allegations of privilege applicable here.

Because there was no waiver of the privilege, the three part test set forth by the Supreme Court of New Jersey in *In re Kozlov*, 79 N.J. 232 (1979) must be satisfied for the privilege to be pierced. The Court agrees with Defendants and finds that Plaintiff has not established (1) a legitimate need for the document; (2) its relevance and materiality; nor (3) the absence of any other source for it, and therefore fails to satisfy the *Kozlov* test. *Id*. at 10; *see also In re Kozlov*, 79 N.J. at 243-44. The Court notes that Plaintiff's motion papers fail to address the *Kozlov* factors. The Court finds that in light of the ruling precluding any argument or evidence that any decision to require signing a release to receive severance was based on the application of Section 409A without discussing the opinion of Sheppard, the document sought no longer meets the relevance or legitimate need requirements under *Kozlov*. Therefore, the Court will deny the Motion to Compel pursuant to Fed. R. Civ. P. 26(b)(1), because it would require the production of privileged information absent both a waiver of the privilege and satisfaction of the *Kozlov* factors.

      E.     **Motion to Strike Defendants' Seventh Separate Defense**

Defendants Seventh Separate Defense asserts that all of Defendants' actions with respect

to Plaintiff were taken for legitimate business reasons unrelated to any protected characteristic or activity. The Defendants have also asserted attorney-client privilege over communications relating to the treatment of employee severance. The attorney-client privilege cannot be used as both a sword and shield. *See Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d. Cir. 2006); *see also Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996). Specifically, here, Defendants cannot claim that all of their actions with respect to Plaintiff were taken for legitimate business reasons related to 409A and unrelated to any protected characteristic or activity, and then refuse to disclose the opinion sought regarding the application of Section 409A.

The Court notes the significance of the timing of the August 14, 2008, Sheppard communication to Cooper. On August 9, 2006, DaVita's counsel responded to the assertion of Plaintiff's counsel that Section 409A did not apply, by sending a letter stating that DaVita believed Plaintiff was subject to 409A withholding and that DaVita's position, since it was an "obligation", was "not negotiable" (Pl.'s Br. at 5.) On August 14, 2006, Sheppard issued a document to Cooper regarding his opinion as to how Section 409A affected certain severance packages. *See* Pl.'s Ex. 57. On August 21, 2006, Cooper advised Oldfield in an e-mail that "We believe that you may fall within one of the exceptions [to 409A] and, therefore, have removed that provision from the [severance] agreement." *See* Pl.'s Ex. 32. Thereafter, Defendants continued to assert their original position with Plaintiff that 409A did indeed apply to her situation.

It is impermissible for the Defendants to use the attorney-client privilege as a sword and a shield. Defendants seek to use the privilege as a shield, by refusing to disclose the 409A opinion

11

letter authored by Sheppard, and as a sword, by arguing that they acted upon a good faith business reason when applying 409A to Plaintiff, when they may have known that 409A did not apply in any respect. Theoretically, the Sheppard opinion could be so clear cut that 409A did not apply that continuing to argue at trial that it may have applied might amount to a miscarriage of justice. Accordingly, the Court precludes evidence and argument that any decision to require signing a release to receive severance was based on the application of Section 409A, and therefore, made for legitimate business reasons.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel Production of the August 14, 2006 correspondence identified as Bates stamped numbers D338-339 on Defendants' Privilege Log is on denied on grounds of undue delay. Alternatively, the Motion to Compel is denied on the grounds that there was no waiver of privilege and no satisfaction of the *Kozlov* factors. Finally, the Motion to Strike Defendants' Seventh Separate Defense is granted in so far as the ruling precluding any argument or evidence that any decision to require signing a release to receive severance was based on the application of Section 409A without discussing the opinion of Sheppard, and denied in so far as the defense may be proved by other facts.[1]  An appropriate Order accompanies this Memorandum Opinion.

**DATED**: September 26, 2008

---

[1] Of course, Defendants are free to disclose the Sheppard opinion in which case the defense may be presented in its entirety.