UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
JUDITH MORAN,                      :    Civil Action No. 06-5620 (JAP)
                                   :
        Plaintiff,                 :
    v.                             :
                                   :    **OPINION**
DAVITA, INC., et al.,              :
                                   :
        Defendants.                :
_____:

PISANO, District Judge.

This is a suit by plaintiff Judith Moran against her former employer, DaVita, Inc. ("DaVita"), and her former supervisor, Javier Rodriguez, for gender discrimination and breach of contract, as well as related statutory and common law claims. On March 23, 2009, this Court entered an Opinion and Order granting summary judgment in favor of defendant on all of Plaintiff's claims with the exception of her breach of contract claim for unpaid employment benefits.[1] The Court found that Davita had breached its employment agreement with Moran by failing to provide certain employment benefits to her for a period after her termination. The parties were directed to submit further briefing regarding the calculation of damages flowing from that breach. The issue was referred to Magistrate Judge Lois Goodman, and on

---

[1] Although the Court's March 23, 2009 Opinion in this regard was clear that summary judgment in favor of Moran on this issue should be entered, *see* Opinion at 25 ("the Court finds that DaVita breached the Employment Agreement by failing to provide benefits for Moran during the period of June 16, 2006 through November 2, 2006, but reserves judgment as to the amount of damages."), the Court's March 23, 2009 Order inadvertently denied Moran's summary judgment motion in its entirety. This is corrected in the accompanying Order.

January 15, 2010, Magistrate Judge Goodman filed a report and recommendation ("R&R") pursuant to Federal Rule of Civil Procedure 72(b)(1) recommending that Moran be awarded damages in the amount of $2,746.69.  This figure is comprised of Plaintiff's out-of-pocket health insurance expenses in the amount of $246.69 and $2,500 in unpaid car allowance.

Pursuant to Rule 72(b)(2), Plaintiff timely filed her objections to the R&R.  A district judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Rule 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

**Plaintiff's Objections**

Plaintiff objects to Magistrate Judge Goodman's conclusion that Moran's damages with respect to unpaid health benefits should be measured by the amount of her out-of-pocket losses rather than the amount DaVita would have paid to provide such benefits.  Specifically, after Plaintiff's benefits were terminated by DaVita, she obtained replacement insurance pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA") at a cost to her of $82.23 per month for three months, for a total cost of $246.69.  Moran argues that by awarding her only her out-of-pocket costs, DaVita is unjustly enriched by the amount it saved by not paying for Plaintiff's benefits for that period of time.  Plaintiff's argument, however, misses the mark because her claim is for breach of contract only.  When one party breaches a contract, the other party is entitled to be put in as good a position as if the contract had been performed.  *Litton Industries, Inc. v. IMO Industries, Inc.*, 200 N.J. 372, 409, 982 A.2d 420

(2009). As Judge Goodman noted, if Plaintiff were awarded damages under the measure she asserts, she would be placed in a better position than if the contract had been performed. "[I]t is a basic tenet of contract law that the aggrieved party will not be placed in a better position than it would have occupied had the contract been fully performed." 11-55 Corbin on Contracts § 55.3. The Court, therefore, shall adopt Judge Goodman's conclusions with regard to Moran's damages.

Plaintiff also makes certain objections to the R&R's proposed factual findings. First, Plaintiff takes issue with the reference in the "Background" section of the R&R to Plaintiff's termination date, June 16, 2006, as the date Plaintiff "ceased providing services for DaVita." Objections at 1-2. However, as noted in the Court's earlier summary judgment Opinion, "June 16, 2006 was Moran's last day providing services to DaVita."

Plaintiff also objects because this same section refers to Plaintiff's insurance benefits being cancelled when she was terminated but does not mention any other benefits that were terminated. *Id.* It is utterly irrelevant to the underlying analysis, however, whether any other benefits are mentioned or not.

Finally, Plaintiff objects because the R&R did not expressly enumerate all of the benefits that Plaintiff was enrolled in at the time of her termination, and further objects because the R&R "does not include a specific representation made by DaVita regarding an employee's employment benefits constituting part of an employee's 'total compensation'". *Id.* at 2. Once again, such facts are irrelevant to the underlying decision.

This Court has reviewed the parties' submissions and the R&R under the appropriate

standard, and agrees with Magistrate Judge Goodman's analysis and conclusion. The R&R, therefore, shall be adopted in its entirety.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  March 4, 2010