NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                          :
JUDITH MORAN,                             :
                                          :
                    Plaintiff,            :
                                          :        Civil Action No. 06-5620  (JAP)
          v.                              :
                                          :        **OPINION**
DAVITA, INC. et al.,                      :
                                          :
                    Defendant.            :
                                          :
_____:

        This matter is presently before the Court on Judith Moran's motion to enforce settlement

and for an additional award and attorneys' fees and upon the Report and Recommendation of

United States Magistrate Judge Lois H. Goodman (the "R&R").  The R&R, which was filed on

June 28, 2013, recommended that Plaintiff Judith Moran's motion be granted in part and denied

in part.  Having received an objection to the R&R by Plaintiff, the Court has conducted a *de novo*

review of the issues raised.[1]  *N.L.R.B. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).  The Court

resolves the motion without oral argument as permitted by Federal Rule of Civil Procedure 78.

For the reasons discussed below, the Court will adopt the R&R in part and remand the matter to

Judge Goodman for consideration of Plaintiff's request for attorneys' fees.

**I.      Background**

        The claims in this case arise out of an employment relationship between Plaintiff and

Defendant Davita, Inc. that ended in November 2006.  In October 2006, Plaintiff filed a

_____

[1] Review of a magistrate judge's report and recommendation is governed by Local Civil Rule
72.1.  The Rule provides that the Court "shall make a de novo determination of those portions of
the report and recommendation to which objection is made and may accept, reject, or modify, in
whole or in part, the findings or recommendations made by the Magistrate Judge."  L. Civ. R.
72.1(c)(2).

Complaint in New Jersey Superior Court, asserting claims of gender discrimination, breach of contract, and certain statutory and common law claims.  In October 2012, the parties began discussions about a potential settlement of $50,000 to be paid prior to the end of the year.

Several months later, on February 22, 2013, Plaintiff filed the instant Motion to Enforce Settlement.  In the Motion, Plaintiff asks the Court to compel Defendants to pay $50,000 which she claims was agreed to during settlement discussions in late 2012.  Plaintiff also requests an additional payment in the amount of $3,344 due to her increased tax liability because the settlement was not paid prior to the end of 2012, as the parties had purportedly agreed.  She also seeks attorneys' fees incurred in filing this Motion.

The Motion was referred to Magistrate Judge Goodman, who issued the R&R recommending that Plaintiff's motion be granted in part and denied in part.  Specifically, Judge Goodman recommended that the settlement of $50,000 be enforced and the parties be ordered to revise the settlement documents to comply with the updated terms of the settlement.  She also recommended that Plaintiff's request for an additional payment and for attorneys' fees be denied. Plaintiff objected to this recommendation, arguing that there is an adequate basis for establishing the amount of her increased tax liability and therefore she is entitled to this additional amount. She further argues that this Motion was only precipitated by Defendants' failure to pay the settlement as agreed and, therefore, Defendants should reimburse Plaintiff for her attorneys' fees incurred in bringing this Motion.[2]   Defendants have not filed any objections.

---

[2] Neither party has raised any objections to the Magistrate Judge's proposed findings of fact and recommendation that the settlement be enforced.  After having conducted its own review of the R&R and supporting documents, the Court finds that those sections of the R&R should be adopted as the findings of fact and conclusions of law of this Court.  Accordingly, the discussion herein is limited to the subject of Plaintiff's objections.

## II.    Discussion

### 1.  Tax Consequences

Plaintiff contends that changes in the federal tax code that were made at the end of 2012 will result in higher rates of federal tax liability in 2013.  Accordingly, during the course of settlement negotiations, Plaintiff requested to have the settlement paid in 2012 to avoid the anticipated higher tax rates and Defendants purportedly agreed.  Plaintiff now argues that she should be entitled to an additional award of $3,344 due to the increased federal tax liability she faces as a result of payment of the settlement being made in 2013, rather than 2012.  She likens her request to a claim for "lost profits," which are recoverable even if they cannot be estimated with certainty.  The Court is not persuaded.

It is well-settled that a party seeking lost profits "must show that profits were lost as a result of the actionable conduct complained of."  *Cromartie v. Carteret Sav. & Loan*, 277 N.J. Super. 88, 103, 649 A.2d 76 (App. Div. 1994).  Additionally, New Jersey courts typically require a fair basis for the calculation of lost profits.  *See, e.g., V.A.L. Floors, Inc. et al. v. Westminster Cmtys., Inc.*, 355 N.J. Super. 416, 425, 810 A.2d 625 (App. Div. 2002).  "Anticipated profits that are too remote, uncertain, or speculative are not recoverable."  *Desai v. Bd. of Adjustment of Phillipsburg*, 360 N.J. Super. 586, 824 A.2d 166, 172 (App. Div. 2003) (citing *V.A.L. Floors*, 355 N.J. Super. at 426).

Plaintiff objects to the Magistrate Judge's findings that her claim for an additional damages award was too speculative.  But this Court's review of the R&R compels the conclusion that Magistrate Judge Goodman's findings were correct.  There is no guarantee that Plaintiff will suffer the alleged damages of an increase in her federal tax liability.  Her income for the year 2013 is still unknown.  Whether there will even be an increase in her income, which would lead

to an increase in tax liability at the higher 2013 tax rates, is uncertain.  The conjectural nature of her income for 2013 is precisely the type of factual speculation the law is designed to prohibit.  Simply put, too much uncertainty exists relating to Plaintiff's income for this year to permit a finding of additional damages resulting from the Defendants' alleged breach of contract.  Therefore, the Court will deny the request for an additional award of damages.

      2. <u>Attorneys' Fees</u>

Because a fee award determination is non-dispositive, the Court has reviewed the R&R under the "clearly erroneous or contrary to law" standard set forth in the Magistrate Act, 28 U.S.C. § 636(b)(1)(A).  While the Magistrate Judge was correct that Plaintiff had not presented a factual basis for such an award, the Court nonetheless finds that Plaintiff should have been given the opportunity to make such a demonstration.  Accordingly, the Court shall reverse the denial and remand this matter to the Magistrate Judge for consideration of Plaintiff's request for attorneys' fees, following an opportunity to provide any factual support for such a request.

<u>/s/ Joel A. Pisano</u>
JOEL A. PISANO, U.S.D.J.

Dated:  July 22, 2013